**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT RAYMOND,<br><br>             Plaintiff - Appellant,<br><br>v.<br><br>GAIL FENUMIAI,<br><br>             Defendant - Appellee. | No. 13-35090<br><br>D.C. No. 3:12-cv-00185-JWS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted June 2, 2014
Anchorage, Alaska

Before: WALLACE, WARDLAW, and CHRISTEN, Circuit Judges.

Robert Raymond appeals the district court's Rule 12(b)(1) dismissal for

failure to satisfy Article III standing. We have jurisdiction over this appeal, *see*

*Cooper v. Ramos*, 704 F.3d 772, 776-77 (9th Cir. 2012) (holding that we have

jurisdiction to review a district court's dismissal of an action even if the district

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court also noted that the complaint was dismissed without prejudice), and we affirm.

Raymond failed to allege sufficient injury in fact in his complaint, which challenged the residency requirement for circulators of initiatives, referenda, and recall campaigns. *See* Alaska Stat. §§ 15.45.105, 130, 335, 360, 575, 600 (2013). Despite the more relaxed standard for pre-enforcement First Amendment challenges, a plaintiff must still show "an injury or threat of injury that is credible, not 'imaginary or speculative.'" *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010) (citation omitted); *see Susan B. Anthony List v. Driehaus*, 573 U.S. ___, slip op. at 11, 14 (June 16, 2014) (holding that plaintiffs had standing where they "pleaded specific statements they intend to make in future election cycles," and "there is a history of past enforcement"). Raymond, however, failed to "articulate a concrete plan to violate the law in question by giving details about [his] future speech such as when, to whom, where, or under what circumstances." *Lopez*, 630 F.3d at 787 (citation and quotation marks omitted). Instead, he alleged only that "[h]e has been active on behalf of Alaska political causes before, and he intends to circulate petitions in Alaska for initiatives, referenda, and recall campaigns if the Alaska laws prohibiting him from doing so were not enforced." Statements of this abstract nature do not confer Article III standing.

**AFFIRMED.**

*Raymond v. Fenumiai*, No. 13-35090

WALLACE, Senior Circuit Judge, dissenting:

I have no quarrel with the reasoning of the majority, insofar as it addresses the merits of this case. Rather, my concern is whether we should reach those merits at all. In my view, our court lacks jurisdiction over this appeal because the district court dismissed the *complaint*, rather than the action, *without prejudice*. Because we do not have jurisdiction, we should dismiss the appeal and remand this case to the district court. Doing so would allow Raymond either to amend his complaint or indicate to the district court that he prefers to stand on his pleadings, at which point the district court could enter a judgment dismissing the action in its entirety.

The majority cites *Cooper v. Ramos*, in which we held that we had jurisdiction to review a district court's order, even though the district court had dismissed the complaint, and not the action, without prejudice. 704 F.3d 772, 776–77 (9th Cir. 2012). In *Cooper*, we explained that in the absence of any order regarding leave to amend the complaint, our "precedent requires an evaluation of the district court's intent" in dismissing the complaint. *Id.* at 776. We went on to explain that "if it appears that the district court *intended* the dismissal to dispose of the action [rather than merely the complaint]," then the district court's order "may

1

be considered final and appealable." *Id.* (citation omitted) (emphasis added).

Here, I believe that the district judge's intent was clear. He took care to dismiss the *complaint* without prejudice. Without prejudice to what? In my view, the dismissal was "without prejudice" to *filing* a new complaint. He did not dismiss the action. Instead, he clearly intended to give the plaintiff an opportunity to amend the complaint. It would not have been impossible to amend the complaint. As the majority suggests, all that would have been required would have been for Raymond to "articulate a concrete plan" by "giving details" about his "future speech."

Rather than taking this approach, the majority determines that it has jurisdiction over this appeal. It is true that the clerk entered a "judgment," but in my view, this was a mistake by the clerk of the district court. The "judgment" itself does not indicate that it is dismissing the action as a whole, but merely states that it is dismissing the complaint. We should interpret the clerk's mistake as an inadvertent filing, not a final judgment.

When it comes to jurisdictional matters, there can be no question of the importance of bright-line rules. Lawyers and courts must know where jurisdiction lies. Having bright-line rules in this area permits attorneys to know what action they should take. Such rules also create greater judicial efficiency, as judges do

not waste time on cases that are not properly before them.

In this case, counsel for Appellant should have understood the nature of the order and "judgment" he received from the district court. This confusion could have been avoided if he had simply filed a motion for clarification or a motion to amend the "judgment" before the district court. It is also true that the clerk of the district court should have caught this error. Finally, it would have been helpful if the clerk of our court had noticed this error, as it would then have been possible for our court to have filed an order at the outset to show cause why the appeal should not be dismissed for lack of jurisdiction. Nonetheless, given the enormous volume of appeals that our court has to deal with every year, it is understandable that a case like this may slip through the cracks. It is less understandable how this could have slipped past counsel for Appellant, who after all has final responsibility for his own appeal.

Again, it is my view that we clearly lack jurisdiction. Our court, and the litigants who appear before us, would be better served if we were to return to bright-line jurisdictional rules, rather than putting ourselves to the task of making excuses for those who have failed to follow our procedural mandates.